IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY LYNN WARD #647619 | § | |
| v. | § | CIVIL ACTION NO. 6:22cv216 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Jeffrey Lynn Ward, a prisoner of the Texas Department of Criminal Justice (TDCJ) filed this *pro se* federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 arising from his 1992 criminal conviction and ninety-nine-year sentence imposed by the 2nd Judicial District Court in Cherokee County, Texas. He acknowledges that his conviction was the subject of a previous habeas proceeding and asserts that he now challenges that proceeding rather than the conviction itself. (Dkt. #1 at 2.) The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

**I. The Petition and Relevant Procedural History**

According to the record of Petitioner's previous habeas case in this Court, he was convicted of two counts of aggravated sexual assault of a child and sentenced to ninety-nine years in prison in 1992. *See* Report and Recommendation at 1, *Ward v. Director*, No. 6:17-cv-00537 (Sep. 17, 2018) (*Ward I*).[1] His conviction became final on January 9, 1996, ninety days after the Texas Court of Criminal Appeals denied his petition for discretionary review. *Id.* at 5. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides a one-year statute of limitations for federal habeas petitions,

---

[1] In the interests of clarity and brevity, further citations to documents in Petitioner's previous habeas action will be to "*Ward I*" and the relevant Docket Entry numbers in that case.

became effective on April 24, 1996, giving Petitioner until April 24, 1997, to file any federal habeas petition. *Id.* at 4–5. Although AEDPA would have tolled Petitioner's limitations period while any collateral challenge to his conviction was pending in state court, Petitioner did not file any further challenge after conclusion of his direct appeal until July 1998, long after his limitations period had expired. *Id.* at 1, 5. He filed his first federal habeas petition on September 17, 2017. *Id.* at 2. This Court found that petition time-barred and dismissed it on that basis on April 21, 2019. *Ward I*, Docket Entry 59. In doing so, the Court determined that Petitioner's assertion of actual innocence was not supported by new evidence sufficient to overcome the limitations bar. *Id.* at 3–5.

On appeal from that ruling to the United States Court of Appeals for the Fifth Circuit, Petitioner "assert[ed] that the limitation period began when a state-created impediment to filing was removed," in addition to pressing his actual innocence claim. *Ward v. Davis*, No. 19-40485 (5th Cir. Mar. 4, 2020). The Fifth Circuit determined that Petitioner had failed to demonstrate that this Court's ruling was reasonably debatable or otherwise make a substantial showing of the denial of a constitutional right. *Id.* at 2. Accordingly, it denied a certificate of appealability. *Id.*

In addition to his appeal of this Court's final judgment, Petitioner filed at least eight motions in this Court for relief from judgment. *Ward I*, Docket Entries 61, 62, 69, 75, 78, 82, 83, 90. This Court denied all of them, and on March 24, 2022, the Fifth Circuit denied a certificate of appealability from the most recent denial. *Id.*, Docket Entries 66, 73, 77, 80, 84, 85, 91, 94. This Court has repeatedly cautioned that continuing to file meritless post-judgment motions may result in sanctions to Petitioner. *Id.*, Docket Entries 85, 91.

Petitioner signed the instant petition on June 1, 2022. (Dkt. #1 at 10.) He asserts that this Court erroneously applied the statute of limitations to his previous petition because he experienced a state-created impediment to timely filing. (Dkt. #1 at 6; Dkt. #2 at 2.) Petitioner describes the alleged

2

impediment as follows:

> State court findings of fact, pre AEDPA, are shown to be an impediment where they are admittedly made with no competent jurisdiction.
>
> . . .
>
> Its [sic] claimed that the admitted non-jurisdictional state findings of fact (Impediment) must be removed, so as to allow petitioner his rightful oppertunity [sic] of having his prior writ (6:17-cv-537) viewed as actionable, accepted as timely filed, due to Impediment, in accordance to the statute 2244(d)(1)(B). The state findings were made in 1992-93, preventing petitioners filing at that time.

(Dkt. #1 at 6, 9.)

Petitioner submitted with his petition a motion for leave to file a second Section 2254 habeas petition. (Dkt. #2.) But he asserts repeatedly that, because he challenges a "defect in the integrity" of the prior federal habeas proceeding, his new petition is not actually a second or successive habeas petition requiring authorization from the Fifth Circuit. (Dkt. #1 at 6; Dkt. #1-1 at 1–3; Dkt. #2 at 1–2.)

**II. Discussion and Analysis**

The Rules Governing Section 2254 cases require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4.

Petitioner does not identify any basis for jurisdiction in this Court over an independent collateral challenge to its own previous judgment in his Section 2254 proceeding. Although Rule 60(d)(1) of the Federal Rules of Civil Procedure preserves any existing "power" of the courts "to entertain an independent action to relieve a party from a judgment, order, or proceeding," the Fifth Circuit has held that this "independent action language cannot 'be made a vehicle for the relitigation of issues.'" *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 79 (5th Cir. 1970). Accordingly, this case, in which Petitioner seeks to relitigate the timeliness of his first habeas petition, must be one of two things: a motion for relief from the judgment

3

in *Ward I*, or a second habeas proceeding. Either way, it must be dismissed.

    A.  <u>Rule 60</u>

Under AEDPA, a prisoner's one-year limitations period to file a federal habeas petition will start to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. 2244(d)(1)(B). Petitioner first attempted to avail himself of this "impediment" provision in this Court in a motion for post-judgment relief that this Court denied in 2019 in *Ward I*:

> He contends for the first time that his claims have been obstructed by an impediment caused by error or design from the state trial court's inaccurate findings pursuant to title 28 U.S.C. § 2254(d). These arguments were not raised in his habeas petition or in his objections to the Report and Recommendations. Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been raised prior to the entry of judgment." Mr. Ward has not shown that he is entitled to relief under Rule 59(e).

*Ward I*, Docket Entry 66 at 7 (citation omitted). The Court addressed a related argument about the state court's allegedly non-jurisdictional fact-finding the following year when it denied one of Petitioner's subsequent motions:

> Mr. Ward argues that the state trial court did not have the jurisdiction to hold a hearing concerning the June 3, 1993 writ or to reject an affidavit or a recantation brought by the June 3, 1993 writ. This argument, however, does not qualify as an extraordinary circumstance under Rule 60(b)(6) because Mr. Ward could have raised it in his habeas petition.

*Ward I*, Docket Entry 77 at 5 (citation omitted).

Accordingly, it is well-settled in this Court's previous rulings that Petitioner's current argument could have been made prior to judgment in *Ward I*. The argument fails now for the same reason it did then: Rule 60(b) may not be used to raise arguments that could have been raised prior to the final judgment at issue or to argue new legal theories. *Gonzales v. Autozoners, LLC*, Civil Action No. 4:09-4054, 2012 WL 3069842, at *1 (S.D. Tex. July 27, 2012).

Moreover, even if the Court could consider Petitioner's late and already-rejected assertion of an impediment to timely filing, it would fail on its merits. His argument in this case is almost incomprehensible gibberish, but the Court understands him to say that a state court's factual determinations, reached in the absence of jurisdiction, somehow prevented him from filing a timely federal habeas petition. That argument is patently absurd. A state court's lack of jurisdiction or unreasonable findings of fact are bases for seeking federal habeas relief, not obstacles to doing so. *See* 28 U.S.C. § 2254(a) and (d)(2). No error in the state court proceedings prevented Petitioner from filing a habeas petition, as evidenced by the fact that he eventually filed one despite the lack of any indication that the purported "impediment" has been lifted. Accordingly, Petitioner's argument does not satisfy Section 2244(d)(1)(B) or otherwise warrant relief under Rule 60.

B.  Second Habeas

AEDPA limits the circumstances under which petitioners may file second or successive habeas petitions about the same judgment and requires prior authorization to do so:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). "A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). Those two grounds are (1) a new retroactive constitutional right announced by the United States Supreme Court, and (2) newly discovered evidence that could not have been discovered earlier with due diligence and would establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. § 2244(b)(2)(A)–(B).

Petitioner does not present any order from the Fifth Circuit authorizing consideration of his

current petition or allege that he obtained such authorization. Instead, he argues that this action is not subject to the bar on unauthorized second/successive habeas petitions because it only challenges a defect in *Ward I* rather than his underlying conviction. The Court agrees. The Fifth Circuit has explained that post-judgment litigation in a habeas case sounds in Rule 60 rather than AEDPA in two circumstances: "(1) the motion attacks a 'defect in the integrity of the federal habeas proceeding, or (2) the motion attacks a procedural ruling which precluded a merits determination." *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018). Petitioner's current arguments fall into the latter category: a challenge to this Court's application of the statute of limitations that precluded a merits review of his original habeas claims.

The Court has already rejected Petitioner's argument under Rule 60 above, both procedurally and on its merits. Alternatively, the Court holds that, to the extent the present petition is a second or successive habeas petition, the court lacks jurisdiction to consider Petitioner's claims. *Burton*, 549 U.S. at 152 (concluding that because petitioner had not sought or obtained authorization to file second or successive petition, "the District Court never had jurisdiction to consider it in the first place"); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (where prisoner did not have permission to file a second or successive habeas petition, the district court lacked jurisdiction to entertain his claims).

**III. Conclusion**

For the reasons explained above, the instant petition is actually a Rule 60 motion that should have been filed in *Ward I*, and relief under Rule 60 should be denied. Alternatively, the Court lacks jurisdiction to hear Petitioner's second or successive federal habeas petition without authorization. This action should, accordingly, be dismissed.

In the interest of judicial expedience, the undersigned recommends a prompt disposition of this case as-filed, rather than pursuing the administrative chore of copying and transferring Petitioner's

submissions to *Ward I* for handling there as a Rule 60 motion and dealing with the likely objections and appeals Petitioner might file in response to such action. Petitioner's decades-late federal challenge to his 1992 convictions has now dragged on for five years and sprawled into a new action. Petitioner's on-going attempts to relitigate the same issue for so many years, through multiple motions and petitions, in the face of warnings about sanctions, establish that he is a vexatious litigant whose drain on this Court's time must be curtailed. While the Court has not yet seen fit to impose sanctions on Petitioner for his filings in *Ward I*, his filings should at the very least be limited to that case. Petitioner should, therefore, be barred from initiating any new actions in this Court on the same subject matter.

**IV. Certificate of Appealability**

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme

Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, reasonable jurists could not debate the correctness of this outcome. Accordingly, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

The undersigned accordingly recommends that Petitioner's motion for leave to file a second habeas petition (Dkt #2) be denied, this action be dismissed, and that a COA from such dismissal be denied. The undersigned further recommends that the Clerk of Court be instructed to accept no further initial habeas petitions from Petitioner arising from his 1992 state convictions or from *Ward I*, Case No. 6:17-cv-00537, without evidence of prior authorization from the Fifth Circuit.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 28th day of June, 2022.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE