**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| JEFFREY LYNN WARD, #647619, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §   Case No. 6:22-cv-216-JDK-KNM |
| | § |
| DIRECTOR, TDCJ-CID, | § |
| | § |
| Respondent. | § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Jeffrey Lynn Ward, a Texas Department of Criminal Justice inmate proceeding pro se, filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion for leave to file a second or successive habeas petition.  The petition was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On June 28, 2022, Judge Mitchell issued a Report and Recommendation recommending that the Court deny Petitioner's motion for leave, dismiss the petition without prejudice, and deny a certificate of appealability.  Docket No. 4.  Petitioner filed objections and supplemental objections.  Docket Nos. 6, 7-1.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.  28 U.S.C. § 636(b)(1).  In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en*

1

*banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

This Court dismissed Petitioner's first § 2254 petition challenging his 1992 convictions as time barred in 2019. *Ward v. Director*, No. 6:17-cv-00537 (E.D. Tex. Apr. 21, 2019) (*Ward I*). As the Magistrate Judge observed, the United States Court of Appeals for the Fifth Circuit denied a certificate of appealability for that case, finding that Petitioner neither demonstrated that this Court's ruling was reasonably debatable nor made a substantial showing of the denial of a constitutional right. Docket No. 4 at 2 (citing *Ward v. Davis*, No. 19-40485 (5th Cir. Mar. 4, 2020)). Petitioner has filed at least eight post-judgment motions in *Ward I,* triggering a warning from this Court that continuing to file meritless motions in that case could result in sanctions. *Ward I*, Docket No. 91.

In this case, Petitioner argues that the Court erred in finding his previous petition time barred because jurisdictional defects in the state court's findings constituted an impediment to a timely federal filing. Docket No. 1 at 6, 9. He seeks leave to file a second habeas petition, but he also asserts that the present action challenges a "defect in the integrity" of the previous judgment and is, therefore, not truly a second petition requiring prior authorization. Docket No. 1 at 6; Docket No. 2 at 1–2. The Magistrate Judge found that this case must be dismissed regardless of whether it is construed as a challenge to the judgment in *Ward I* or a second habeas petition.

*First*, the Magistrate Judge found that Petitioner's claim of an impediment to timely filing does not merit relief under Federal Rule of Civil Procedure 60(b) because it could have been raised before judgment in *Ward I*.  Docket No. 4 at 4.  In fact, the Court has already denied a post-judgment motion based on that theory in *Ward I*. *Ward I*, Docket No. 66 at 7 (observing that Petitioner "contends for the first time that his claims have been obstructed by an impediment caused by error or design from the state trial court's inaccurate findings").  Further, the Magistrate Judge observed that Petitioner's theory lacks merit even if it were properly before the Court because Petitioner does not demonstrate that a state court's determinations actually impeded a timely habeas filing.  Docket No. 4 at 5.

*Second*, the Magistrate Judge found that, to the extent the present case could be construed as a second or successive habeas, it was filed without the required authorization from the Fifth Circuit and must be dismissed on that basis for lack of jurisdiction.  *Id.* at 5–6.

*Third*, the Magistrate Judge observed that Petitioner's ongoing efforts to litigate the same issue, even after being warned of potential sanctions, warrants barring him from filing further cases in this Court about the same subject matter. *Id.* at 7.  She therefore recommended "that the Clerk of Court be instructed to accept no further initial habeas petitions from Petitioner arising from his 1992 state convictions or from *Ward I*, Case No. 6:17-cv-00537, without evidence of prior authorization from the Fifth Circuit."  *Id.* at 8.

Petitioner first objects to the simple observation that the case was referred to the Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition.  Docket No. 6 at 1.  He argues that a magistrate judge may exercise jurisdiction "only if all parties voluntarily consent," which he did not do.  *Id.* at 1–2. Not so.  This action was automatically referred to the Magistrate Judge Mitchell as authorized by 28 U.S.C. § 636(b)(1), pursuant to the Federal Magistrate Act of 1979 and the standard practice of this Court.  Docket No. 3.  This Court may refer any non-dispositive, pretrial matter to a U.S. Magistrate Judge for determination and designate a magistrate judge to conduct hearings, and to submit proposed findings of fact and recommendations for the disposition of a matter to the judge of the court. *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).  No consent from the parties is required for such referral.  *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002) ("The consent of the parties is not required under this section."); *Roell v. Withrow*, 538 U.S. 580, 585 (2003) (referring to referrals under Section 636(b) as "nonconsensual referrals"); *Jackson*, 864 F.2d at 1242 (holding that "[n]o such consent is required" for referrals under Section 636(b)); *Ford v. Estelle*, 740 F.2d 374, 377 (5th Cir. 1984) (explaining that Section 636(b)(1) "allows a district court to refer to a magistrate without consent of the parties").

The remainder of Petitioner's first set of objections, as well as his supplemental objections are devoted predominantly to rehashing his theory about why his first habeas petition should have been found timely and the alleged unfairness and

4

incorrectness of the rulings and proceedings in that case.  Docket Nos. 6, 7-1.[1]  The

Court finds nothing in any of Petitioner's arguments that would entitle him to any

relief in this case.  *See United States v. Morales*, 947 F. Supp. 2d 166, 171 (D.P.R.

2013) ("Even though timely objections to a report and recommendation entitle the

objecting party to *de novo* review of the findings, 'the district court should be spared

the chore of traversing ground already plowed by the Magistrate.'") (internal citations

omitted); *see also Vega v. Artuz*, 2002 WL 31174466 *1 (S.D. NY Sep. 2002) ("However,

objections that are merely perfunctory responses argued in an attempt to engage the

district court in a rehashing of the same arguments set forth in the original petition

will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

Finally, a review of Petitioner's litigation history in *Ward I* and this case

indicates that a pre-filing injunction is appropriate.  The Court previously warned

him of the possibility of sanctions if he continued to file meritless motions in *Ward I*,

which resulted in Petitioner filing a new case.  "A district court has jurisdiction to

impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."

*Baum v. Blue Moon Ventures*, LLC, 513 F.3d 181, 187 (5th Cir. 2008).  "The court's

power to enter such orders flows not only from the various statutes and rules relating

to sanctions, but the inherent power of the court to protect its jurisdiction and

judgments and to control its docket."  *Farguson v. Mbank Houston, N.A.*, 808 F.2d

---

[1] Petitioner's supplemental objections are attached to a "Notice of Appeal," in which Petitioner purports to appeal from this Court's "dismissal of his proposed second application and or as to any judges denial of objections filed in this cause."  Docket Nos. 7, 9.  At the time this document was filed, there was no final judgment in this case, no action had been taken on Petitioner's original objections, and there was no ruling by the Magistrate Judge from which an appeal to the District Judge would lie pursuant to Federal Rule of Civil Procedure 72(a).  The "Notice of Appeal" is, therefore, a nullity with regard to any action required of this Court.

358, 360 (5th Cir. 1986).  A court considering such an injunction must weigh all of the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.  *Id.* at 189.  Here, each of these factors weighs in favor of imposing an injunction.  To decrease the likelihood of "vexatious, abusive, and harassing litigation" by Petitioner, the Court will limit any future challenges to Petitioner's 1992 convictions and the judgment in *Ward I* to the docket of *Ward I* or to any second or successive petition the Fifth Circuit authorizes him to file.

Having conducted a de novo review of the Report, Petitioner's objections and supplemental objections, and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit.  The Court therefore **OVERRULES** Petitioner's objections (Docket No. 6, 7-1) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 4) as the opinion of the District Court.

Petitioner's petition for habeas corpus is hereby **DISMISSED** without prejudice to Petitioner's right to seek authorization from the Fifth Circuit to file a second or successive petition.  The Court **DENIES** a certificate of appealability.

Finally, it is **ORDERED** that the Clerk of Court shall not accept any future initial habeas petitions from Petitioner challenging his 1992 convictions in Cherokee

County, Texas without evidence of prior authorization from the Fifth Circuit.

So **ORDERED** and **SIGNED** this **25th** day of  **August, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

7